# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| WESTECH CAPITAL CORP. ) | Case No. 16-10300-tmd |
| ) | |
| Debtor. ) | Pending in the United States Bankruptcy |
| ) | Court for the Western District of Texas, |
| ) | Austin Division |
| ) | |
| ERIC STEINHAFEL, ROBERT CLEMENT, and ) | Adv. Proc. No._____ |
| RICK SCHOTTENFELD, Derivatively on Behalf ) | |
| of WESTECH CAPITAL CORP. and TEJAS ) | |
| SECURITIES CORP., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| GARY SALAMONE and GREENBERG ) | |
| TRAURIG, LLP, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' NOTICE OF REMOVAL[1]

Please take notice that pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, the plaintiffs, Eric Steinhafel, Robert Clement, and Rick Schottenfeld (hereinafter, "Plaintiffs"), file this Notice of Removal, which removes a pending action captioned *Eric Steinhafel, Robert Clement, and Rick Schottenfeld, Derivatively on Behalf of Westech Capital Corp. and Tejas Securities Corp. v. Gary Salamone and Greenberg Traurig, LLP*, C.A. No. 12047-CB, before the Court of Chancery of the State of Delaware (the "Chancery

---

[1] By separate motion to be filed with this Court, Plaintiffs will move to transfer this adversary proceeding to the United States Bankruptcy Court for the Western District of Texas, Austin Division, where the Chapter 11 bankruptcy proceeding involving Westech Capital Corp. is pending.

Action"), to the United States District Court for the District of Delaware. The Amended Standing Order of Reference of the United States District Court for the District of Delaware dated February 29, 2012 (the "Standing Order of Reference") further provides for reference of this proceeding to Bankruptcy Court.

In support of the removal, Plaintiffs respectfully state the following:

1. **Background.** On February 25, 2016, Plaintiffs filed the Chancery Action, asserting derivative claims for breaches of fiduciary duty to Westech Capital Corp. ("Westech") and, in the alternative, claims for aiding and abetting breaches of fiduciary duty to Westech.

2. On March 14, 2016, a voluntary Chapter 11 bankruptcy proceeding for Westech was initiated in Austin, Texas. That bankruptcy case is styled *In re: Westech Capital Corp.*, Case No. 16-10300-tmd, United States Bankruptcy Court for the Western District of Texas, Austin Division ("Bankruptcy Case").

3. The procedures for removal of the Chancery Action to this Court are set forth in 28 U.S.C. § 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure, and the Standing Order of Reference, which provides that any and all cases under Title 11 of the United States Code ("Bankruptcy Code") and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district.

4. **Grounds for removal.** According to 28 U.S.C. § 1452, a party may remove any claim or cause of action in a civil action to the district court where the civil action is pending, if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1334, which provides that the District Court has original jurisdiction over all civil proceedings arising under, arising in, or related to cases under the Bankruptcy Code. In the Third Circuit, a proceeding meets the

jurisdictional threshold of 28. U.S.C. § 1334 if the outcome of the proceeding could "conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995). Here, the derivative claims are related to the Bankruptcy Case, and the suit is listed in the bankruptcy schedules by the debtor as a legal action in which the debtor is involved. This Court, therefore, has jurisdiction, pursuant to 28 U.S.C §§ 1334 and 1452, over the claims in the Chancery Action.

5.     **Timeliness.** Pursuant to Bankruptcy Rule 9027(a)(2), this Notice of Removal is timely. It is being filed within 90 days after the order for relief in the Bankruptcy Case. According to 11 U.S.C. § 301(b), the commencement of a voluntary case under a chapter of Title 11 is an order for relief under such chapter.[2]

6.     **Copies of all process and pleadings.** A copy of the docket sheet from the Chancery Action is attached as Exhibit 1 to this notice, and copies of all pleadings, process orders and other filings in the Chancery Action are attached to this notice as Exhibits 2 through 5.

**7.     No waiver or relinquishment.** Nothing in this Notice of Removal shall be interpreted as waiver or relinquishment of Plaintiffs' rights to assert any affirmative matter or defense.

8.     **Service and filing of notice.** As required by Bankruptcy Rule 9027(b), this Notice of Removal is being served on all parties to the Chancery Action. As required by Bankruptcy Rule 9027(c), a copy of this Notice of Removal will be filed with the Register in Chancery where the Chancery Action is pending.

---

[2] There has been no stay entered in the Chancery Action, and there is no trustee at this time in the Bankruptcy Case, so parts (B) and (C) of Rule 9027(a)(2) are not implicated.

9. **Statement as to core and non-core proceedings**. The claims asserted in the Chancery Action are either core proceedings within the meaning of 28 U.S.C. § 157(b)(2) or non-core proceedings that are "related to" the Bankruptcy Case within the meaning of 28 U.S.C. § 157(c)(1).

10. **Final orders.** For non-core proceedings, Plaintiffs do not consent to the entry of final orders and/or judgments by the Bankruptcy Court, and reserve the right to seek a withdrawal of the reference to the Bankruptcy Court based upon any filed jury demand.

11. **Venue.** The Bankruptcy Case is pending in the United States Bankruptcy Court for the Western District of Texas, Austin Division. 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a)(1) require removal to the federal district court in which the removed action was pending. Accordingly, venue for the removed action is properly the District of Delaware. However, by separate motion to the filed with this Court, Plaintiffs will move to transfer this action to the United States Bankruptcy Court for the Western District of Texas, Austin Division, where Westech's Chapter 11 case is currently pending.

Dated: June 13, 2016

| | |
|---|---|
| | PRICKETT, JONES & ELLIOTT, P.A. |
| OF COUNSEL: | */s/ Corinne Elise Amato* |
| | Bruce E. Jameson (Del. Bar No. 2931) |
| GEORGE BROTHERS KINCAID & | Corinne Elise Amato (Del. Bar No. 4982) |
| HORTON L.L.P. | 1310 N. King Street |
| D. Douglas Brothers | Wilmington, Delaware 19801 |
| B. Russell Horton | (302) 888-6500 |
| 1100 Norwood Tower | *Attorneys for Plaintiffs* |
| 114 West 7th St | |
| Austin, TX 78701 | |